Good morning, your honors. May it please the court, Jennifer Poon on behalf of Manuel Loma-Torres. I'd like to reserve two minutes for a rebuttal. I've raised four issues on appeal, but I would like to focus this morning on the first issue, which is the Apprendi indictment error. The government violated Apprendi by failing to properly allege the removal date. They presented evidence of two removals at trial, only one of which was properly alleged in the indictment. So there was no jury finding as to the date of removal? Could I break that into two questions? When I looked at the indictment, it seemed like the indictment was sufficient, that it alleged all of the necessary elements. So I know your argument was that it was insufficient, so I want to get your analysis of that. And then the second question seemed to me with what happened at trial and whether there was a variance or a constructive revision to the indictment because of the evidence at trial. But could we start just with the indictment and what was wrong with the indictment? Yes. We did challenge the indictment pretrial,  Now, why is that? Because it has the language that the defendant was removed subsequent to December 6, 2006. And we said in Garcia-Hernandez that that very language is okay, that that sufficiently alleges the date of removal. Well, my argument pretrial was that, first of all, we couldn't tell from that allegation whether the grand jury passed on a full deportation proceeding or just physical removal after that date because of the way the language is framed. But also that we can't tell from that language whether the grand jury passed on a full deportation and removal after the date alleged or just a physical removal after that date. And also that it violated the right to grand jury presentment because we couldn't tell which removal the grand jury passed on. And that's exactly what came to pass at trial. The government presented evidence of removals both before and after the removal date. And because there was no jury finding as to which removal supported the verdict, we don't know if the grand jury passed on the same removal that supported the jury's verdict. So I think we're in the same position as if the government made no, the jury made no finding at all in their verdict. So are you saying that even though we've said that language suffices to express a removal date or that there was a removal after the conviction, a temporal relationship, that in cases where there's more than one removal, the language isn't sufficient so you would distinguish that case? Yes, because we can't tell what set of removals the grand jury passed on. And I did seek that evidence, the transcripts, before trial. The government opposed that. So we weren't able, we have no evidence in the record as to what proceeding or proceedings were presented to the grand jury. Does that matter as long as both removals are after the conviction so that the temporal relationship that's required for the enhancement is in place? Well, there is the case of Martinez-Rodriguez, which holds that there is no petite jury error in that case when both removals are subsequent to the predicate prior. But here we're in a different position because I'm alleging indictment error. And there's been no jury finding on the 1326B allegations. So I think we're stuck with a 1326A indictment. And in the Delgado case, which was unpublished, this court found that when there is a proper pretrial challenge to apprendee indictment error in the 1326 case, that we are under the Dubot line of cases where it is considered. And just to get back to my initial question, I just want to make sure I understand, what is the element of the crime that's missing from the indictment? Well, it's the 1326B allegation that there was a removal after the predicate conviction. The Supreme Court has held that that's a sentencing enhancement, not an element of the crime. Well, the apprendee line of cases I think says that it is a sentencing element and that we're still in the position that any fact that increases the statutory maximum must be alleged in the indictment. So we do need to have that indictment allegation and then prove in accordance with the indictment at trial. If that is error, do we not review apprendee error for harmlessness? And wouldn't the introduction of the warrants of removal at trial? I'm sorry. I don't know why I'm not speaking up today. But wouldn't the introduction of the warrants of removal render it, render that error harmless? Well, in Salazar-Lopez, this court found harmless error in that situation, but that was a case where the defendant only objected at sentencing. And I think that's in contrast to the Delgado unpublished case, which I cited, where there was a pretrial challenge to the indictment and then the same problem. And in that case, the court said, no, we're not in harmless error review. We are talking about a fatal error that requires dismissal of the 1326B portion of the indictment. Here we did challenge the indictment pretrial. But I would also point out that Salazar-Lopez doesn't address, wasn't raised the appropriate object of the harmless error review, which I think should be, in an indictment error case, should be the grand jury proceeding. And that issue wasn't raised or decided in Salazar-Lopez. And it's the government's burden to prove harmless error beyond a reasonable doubt. And they've opposed any disclosure of the grand jury proceeding at issue. In this case, was an indictment dismissed on the first day of trial? And then was this a re-indictment case? It was, Your Honor. Explain that. I'm not quite sure what that means, how it happened, what was going on. At the time of trial, the first trial, the government discovered that there were additional A-files or temporary files associated with this defendant. And they didn't feel that they had enough proof to show lack of request for permission to enter because they didn't have the entire universe of the A-file to review. So it was dismissed the first day of trial, but there was a revocation proceeding, so he was held in custody until that proceeding was finished and it allowed the government time to re-indict the case. Was the second indictment, the re-indictment, the same in terms of language as the first one? Were there any changes? I believe it was the same, Your Honor. You're not sure, though? I'd have to check. And when did you attack the indictment? Before the first trial and before the indictment was dismissed? Or did you attack the re-indictment? I attacked both, Your Honor, when we re-litigated the re-indictment case and basically re-filed all of my original motions. I would like to address this question of constructive amendment and variance. First, to point out that the government didn't – I don't think we have to reach that issue because there was no jury finding on the 1326B allegation, so I think we are stuck with the 1326A limitation on the sentencing. But should we get to that issue, the government didn't address that argument at all in their briefs. We have only the 28J that was filed two days ago addressing this issue for the first time. I don't think it's a proper 28J because the case that they cited really is just a way to backdoor some citations to the legal standards on constructive amendment and variance. But more importantly, I think that briefing tactic really prevented a full airing of this issue. But should we reach that issue, a constructive amendment is a complex of facts presented at trial that's distinctly different than charged or where the crime charged is substantially altered at trial. I think that's what we have here. We have a different complex of facts that the government is trying to rely on. We have not a reinstatement that in 2008, which is basically an administrative notice and order and then a warrant of removal, but we have them relying on a full IJ proceeding in 2006, which is a completely different proceeding involving notice of charges and grounds for removal, immigration judge hearing and order. Was the second one a reinstatement? I wasn't sure about that. The January 2008 removal was at a reinstatement of the March 2006 removal? Correct. So if he was on notice of the reinstatement, that would point to the prior removal. I guess that the government's argument is that Mr. LaMontorez had the aid file and so would know of both removals in his file. But certainly if he was aware of the reinstatement, he would have to know about the earlier one. That was one thing that puzzled me about the argument that he wouldn't have been properly on notice. Well, the first one is two issues. There's notice and there's whether the grand jury has passed on the same removal and has had a chance to review the evidence, supporting the evidence. As to notice, it's quite common in these cases for the government to present an earlier immigration proceeding, but it's the reinstatement that they want to trigger the date that allows them to use the predicate conviction. So here it's not necessarily notice that they're going to be relying on the actual removal from the earlier date. And so I don't think we had proper notice as to that point. And the evidence of the trial really did focus on that January 2008 time period because the documents were so crazy. We had evidence from the immigration officer that they signed paperwork about things that didn't happen, fingerprints that weren't taken and said they were, a date and place of removal that didn't happen, and misdating documents. So I think the focus of the trial was really on that second time period. But in addition to the notice issue, we have the important role that the grand jury plays as the protection and the independent review of evidence supporting a jury trial, standing between the prosecutor and the judge and the defendant. And if we don't have, in addition to notice, if we don't have that grand jury protection, I think we have a constructive amendment or a fatal variance that requires reversal. Thank you. Thank you, counsel. Ms. Castell on behalf of the United States, Your Honors. There was no apprendi error in this case. All apprendi requires, if the judge is going to enhance the sentence above the statutory max, that the jury find beyond a reasonable doubt facts from which the trial court, when it is imposing a sentence, can ascertain the time sequence which is necessary for that enhancement. In other words, under 1326B, your sentence can be enhanced if you've been deported following a qualifying felony. The jury has to make factual findings beyond a reasonable doubt from which the trial court at sentencing can determine that, in fact, took place. And that happened in this case. Both the deports that were proven were subsequent to the qualifying felony. There's no question that the judge had before her. I'm sorry. I'm a little confused on that. I thought the first deportation, oh, it was 306, but that was subsequent to the 1993 grand theft conviction. Correct. The only issue before the court, the trial court, and this court today is, was the sentence properly enhanced above the 24 months. And for that to happen, the trial court had to find you had a felony conviction, which the trial court can find on its own under Amador's torres. Right. And then he has to make a factual determination that the felony was followed by a deportation. And the time of that deportation, facts have to be found by the jury that allows him to make that finding beyond a reasonable doubt. The juries have to find facts that allows the trial court to make that finding, which they did in this case because both deports that were proven, and which were the reason he was found guilty, were after the 1993 felony. Do you have to, does the prosecution, is it required to make a special verdict in these kinds of cases so that the jury precisely finds that? I don't think we're required to. I'm not aware of any cases that we're required to. On occasion, I think we do do that. That's probably a good idea. We do that on occasion. We did not do that in this case. Yeah. But I think I lost my train of thought. I'm sorry. That's okay. No, no, no. It's my problem. There was no appendia clearly. The variance there, there was no material variance. There is no requirement that the grand jury pass on all the evidence that is introduced to trial to find the defendant guilty. What was important here for the sentencing thing, the sentencing issue, was that the grand jury indicted on facts that would allow the court to find that the deport was subsequent to the felony. And it did that by saying he was deported subsequent to December 2006. And we put in evidence in support of that allegation. We put in the deportation of January 2008. That January 2008 deport was a reinstatement of another deport. We put in the evidence of that deportation, which was in March of 2006. Why doesn't your office put in when you have the subsequent to date? Why don't you put in a subsequent to date that's after the conviction as opposed to some other time in the future? We do literally thousands of these cases. And often we cannot ascertain immediately when we have or are required to present our indictment what exact conviction we're going to be able to prove up. We have the rap sheet. We know what the felony conviction is. But we have to be able to obtain the documents to prove up those convictions. And we don't always know at the time of the indictment. But to get the indictment, you have to present evidence to the grand jury. We have probable cause, no problem. I'm not saying we know he was convicted. We have probable cause. And we think we can prove it up. But to get all the exact documents we may need, like a certified copy from the district court from Los Angeles, sometimes we can't obtain those. We think they're coming and they don't show up. You mean Los Angeles is hard to get documents out of? You get that right. It's almost impossible to tell you the truth. So that's how that happens. And I agree that if we would have had a special verdict and then all these issues would have gone away. But there sure was no material variance. Ms. Poon couldn't possibly have been misled or think this is a new complex of facts. It's not a different complex of facts. It's a reinstatement. And we proved the deportation that was reinstated. It's all one continuous. It's all one. Well, counsel said it wasn't a reinstatement. Is the document reflecting that it was a reinstatement in the record? It is. It's in the record in the exhibits. Shouldn't it always be in the record? We had a case earlier where the reinstatement documents weren't in the record earlier this week. It is in this record in the ER. I haven't got the page in my fingertips, but it is, and I can find it quickly. And on that document it says this is a reinstatement from the March deportation and the April physical removal. There was no surprise there. And I don't think Ms. Poon's claim is a surprise. And there's no new complex of facts that changes the charge that he had to defend against. The charge is the same. I'm a deported alien in the United States without permission. The question is, am I subject to two years or more? The indictment alleges facts in which they found beyond or the jury found beyond a reasonable doubt that he was deported after his conviction. So there is no appendix error. There's no indictment error. There is no variance, material variance. There is actually no problem with this case other than the fact that a special verdict would have made it so we wouldn't be standing here talking about this right now, and that probably would have been a good idea. So do you do what doctors do after something doesn't go quite right? I mean, will your office sit down and say, gee, look what happened because we didn't have a special finding? We actually had that discussion yesterday. I was getting prepared for my move court, Your Honor, so the answer to that question is yes. Good, because that way you wouldn't have at least this issue on appeal to worry about. Correct. I agree with that. As to the other issues, the sufficiency of the evidence, the stop, and the confrontation clause here today, I think we've covered those adequately in our briefs. I'd welcome any questions if there are any on those issues. Absent that, I would like to submit it on the papers.  Thank you, counsel. Thank you, Your Honor. All right. This case would be this. That's a new way to submit on the papers. Do you have something else you want to add? Yes. All right. Just to clarify, if the court misunderstood me, the second deportation proceeding in 2008 was a reinstatement in March 2006. My argument was that. And it's in the record. It is in the record. It's just that there are two very different types of proceeding, a full IJ proceeding and a reinstatement. And then again, just on the grand jury issue, we don't know that the grand jury passed on the March 2006 deportation. Likely it didn't because of the allegation in the indictment. And so we do have either a constructive amendment or a fatal variance. And the cases the government cited in their 28-J, Shea cites to several cases, Castroline and Sinha and Nijini, saying that date differences comparable to what we have here are material variance. Thank you. All right. Thank you, counsel. United States v. Longatoros is submitted. We'll take up United States v. Vasquez, Alcala.
judges: Trott, Wardlaw, Ikuta